IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                              ORDER

                Plaintiff,

                                          06-cr-138-bbc

      v.

JARVIS McKEE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The Bureau of Prisons has asked this court for its position of defendant Jarvis McKee's request to give me sentence credit for the nine months he served in state custody following imposition of his federal sentence. Counsel for both parties have had an opportunity to be heard on the request from the Bureau. The Federal Defender argues for a positive response; the government takes the opposite position.

      In its response, the government points out that the state court ordered defendant's state sentence to run concurrently with his federal sentence. However, at the time of the state sentencing on January 8, 2007, the state court would not have known that defendant's federal sentence would be reduced subsequently from 105 months to 78 months because of the retroactive amendment in the crack sentencing guidelines. The government argues that the state court might have acted differently had it known of the lower sentence.

      Defendant argues that even after his sentence was reduced, he is serving a far longer

1

sentence than he would have served had he been charged with a powder cocaine crime. To avoid the great disparity between crack and powder cocaine sentences, he argues, the court should advise the Bureau that it supports his request for concurrent time.

Had I sentenced defendant after he had been sentenced in state court, I would not have ordered his sentence to run concurrently with his state court sentences. As the presence report reveals, defendant was wanted for probation violations before law enforcement officers discovered the gun that was the basis for the federal charge against him. Therefore, the state conduct was not conduct relevant to the federal offense of conviction.

Defendant's unwillingness to abide by the terms of his state probation terms and to continue to engage in criminal behavior while on probation, together with his efforts to persuade his girl friend to lie for him, are evidence of a high likelihood of recidivism. I am not persuaded that it would further the sentencing goals laid out in 18 U.S.S. § 3553(a) to reduce his sentence by the amount of time he has served in state custody.

Entered this 27th day of January, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge